AO 91 (REV.5/85) Criminal Complaint

AUSA Christopher R. McFadden (312) 353-1931

**FILED**
FEB 2 2 2008
February 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MAHTAB SHIRANI

**MAGISTRATE JUDGE NOLAN**

**CRIMINAL COMPLAINT**

CASE NUMBER: 08CR 0152

I, the undersigned complainant, being duly sworn state that the following is true and correct to the best of my knowledge and belief:

On or about **February 15, 2008** in the **Northern District of Illinois**, defendant **MAHTAB SHIRANI**, through the use of the mail, telephone, telegraph, or other instrument of interstate commerce, namely, computer electronic mail ("e-mail"), willfully made a threat and maliciously conveyed false information known to be false, concerning an attempt and alleged attempt to be made to kill, injure, or intimidate any individual and unlawfully to damage any building, vehicle, and other real or personal property by means of fire and an explosive; in violation of Title 18, United States Code, Section 844(e).

I further state that I am a **Task Force Officer of the Federal Bureau of Investigation** and that this complaint is based on the following facts:

**See attached affidavit**

Continued on the attached sheet and made a part hereof:  __X__ Yes  ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,
February 22, 2008 at Chicago, Illinois

**NAN R. NOLAN, U.S. MAGISTRATE JUDGE**
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS |
| COUNTY OF COOK | ) | |

## AFFIDAVIT

I, Michael P. Murphy, being duly sworn, state as follows:

### I. INTRODUCTION

1. I am a Sergeant of Police with the Chicago Police Department and have been so employed since March 1991. I am currently assigned to the Joint Terrorism Task Force ("JTTF") as a Task Force Officer with the Federal Bureau of Investigation ("FBI") Chicago Division and have been so assigned to that position since approximately May 2006. During my tenure as a Chicago Police Officer, I have been involved with investigations of numerous violent and property crimes. During my tenure as a member of the JTTF, I have been involved with investigations related to terrorism.

2. This Affidavit is made in support of a criminal complaint charging MAHTAB SHIRANI with a violation of 18 U.S.C. § 844(e) (threats to kill, injure, or intimidate an individual or to destroy or damage property).

3. The information contained in this Affidavit is based on my training and experience, as well as information obtained from other law enforcement officers with the University of Illinois-Chicago Police Department ("UICPD").

4. Since this Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that SHIRANI has committed a violation of 18 U.S.C. § 844(e).

1

Where statements of others are set forth in this Affidavit, they are set forth in substance and in part; they are not verbatim.

## II. PROBABLE CAUSE: FACTS AND CIRCUMSTANCES

5. According to the University of Illinois-Chicago Police Department ("UICPD"), at approximately 4:45 p.m. on February 15, 2008, an administrator at the University of Illinois-Chicago ("UIC") advised the UICPD that another administrator ("School Official A") had reported receiving an anonymous, threatening e-mail message. According to the UICPD, the e-mail stated, in sum and substance: "I'm writing this to all the UIC faculty that I know. I'm a student at UIC. I'm warning everyone beforehand. I will be looking forward to doing a mass shooting anywhere on campus. I'm not gonna tell you where of course, this is serious and it's not a joke. You want to stop this from happening? You can't. This is a warning though and I'm aiming to kill as many as I can this is not a joke. Not a joke. This will happen in Spring of 2008. You got it this semester. I have a group of five people. I'm not by myself. Warn your students and faculty. I'm not joking. This is serious and it will happen. You won't stop our group. After NIU, its UIC's turn to face disaster. Sit back and relax now, you'll get what your deserve. Soon Good luck." According to School Official A, the e-mail message was also addressed to three other members of the UIC staff.

6. According to the UICPD, an examination of university computer records showed that the e-mail was sent at approximately 2:30 p.m. on February 15, 2008 from an e-mail address that is associated with UIC and from an IP address that was assigned to a computer inside a computer laboratory on the UIC campus. According to the UICPD, a senior research programmer at the university was able to determine the user identification ("user ID") of the individual who sent the e-mail, as well as the fact that this user ID was logged into the above-referenced computer from

approximately 1:15 p.m. to 2:50 p.m. on February 15, 2008. According to the UICPD, the user ID for the person who logged into the computer was assigned to SHIRANI.

7. I have been advised by the UICPD that the UICPD obtained and examined a copy of the photograph of SHIRANI that appears on her campus identification card. I have also been advised by the UICPD that the UICPD obtained additional identifying information about SHIRANI from various databases, such as Accurint, SOS/LEADS, and CPD CLEAR. I have further been advised by the UICPD that UICPD officers examined video surveillance tapes of the above-referenced computer laboratory during the time period when the threatening e-mail was sent. According to the UICPD, the surveillance tapes depict a female who matches SHIRANI's description exiting the laboratory approximately fifteen minutes after the threatening e-mail was sent from the computer inside the laboratory and roughly five minutes after the person who was using the user ID assigned to SHIRANI logged off the computer.

8. According to the UICPD, a computer consultant examined the UIC computer that was assigned to the IP address from which the threatening e-mail was sent. According to the UICPD, the computer consultant verified the computer activity log of SHIRANI, as previously noted by the senior research programmer discussed in Paragraph 6.

9. According to the UICPD, the computer consultant further stated that he/she had located a webpage on the Internet website facebook.com and found a posting that was made on SHIRANI's facebook.com account. According to the UICPD, the computer consultant stated that the posting was made at approximately 8:35 p.m. and read as follows: "UIC has been threatened with shooting now."

3

10. According to the UICPD, the university had issued a campus-wide security alert through the UIC e-mail system at approximately 8 p.m., which stated that an anonymous threat was issued towards members of the UIC community. However, according to the UICPD, the security alert made no mention of a threat involving firearms. Based on my investigation, the substance of the threat, including the threat to use firearms, was not publicly disseminated by the university prior to when the posting appeared on SHIRANI's webpage on facebook.com at approximately 8:35 p.m.

11. On or about February 16, 2008, UICPD reviewed university records regarding SHIRANI's residence and traveled to the residence. According to the UICPD, a relative of SHIRANI's answered the door. UICPD requested to speak with SHIRANI. Thereafter, SHIRANI agreed to accompany the officers to the UIC police department headquarters. According to the UICPD, SHIRANI was advised of her *Miranda* rights at approximately the same time that she agreed to accompany the officers to the UIC police headquarters.

12. According to the UICPD, SHIRANI was again advised of her *Miranda* rights while she was at the UIC police headquarters. According to the UICPD, SHIRANI agreed to waive those rights and speak with the officers.

13. According to the UICPD, after waiving her rights, SHIRANI admitted that she sent the above-referenced e-mail from above-referenced computer in the laboratory at the UIC campus. SHIRANI further stated that she had forwarded the message to at least one additional administrator at UIC. According to the UICPD, SHIRANI further stated, in sum and substance, "What was I thinking? I knew you would find out who sent it from the logon, and I know there are cameras everywhere." In addition, SHIRANI stated that the threat was without merit, as she does not have access to firearms nor a group of individuals with whom to carry out the threat.

4

### III. **CONCLUSION**

14.     Based on the foregoing, I respectfully submit that there is probable cause to believe that MAHTAB SHIRANI, through the use of the mail, telephone, telegraph, or other instrument of interstate commerce, namely, computer electronic mail ("e-mail"), willfully made a threat and maliciously conveyed false information known to be false, concerning an attempt and alleged attempt to be made to kill, injure, or intimidate any individual and unlawfully to damage any building, vehicle, and other real or personal property by means of fire and an explosive, in violation of Title 18, United States Code, Section 844(e).

FURTHER AFFIANT SAYETH NOT.

X_____
MICHAEL P. MURPHY
Federal Bureau of Investigations
Joint Terrorism Task Force Officer
Sergeant, Chicago Police Department

SUBSCRIBED AND SWORN TO BEFORE ME
This 22nd of February 2008.

_____
NAN R. NOLAN
United States Magistrate Judge

5