UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
July 01, 2008
JUL 0 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 152 |
| vs. | ) | |
| | ) | Judge Ruben Castillo |
| MAHTAB SHIRANI | ) | |

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant MAHTAB SHIRANI, and her attorney, GEORGE S. PAPPAS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with one count of transmitting a threat through interstate commerce, in violation of Title 18, United States Code, Section 875(c).

3. Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information in this case.

## Factual Basis

6.     Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

On or about February 15, 2008, the defendant did transmit in interstate commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

More specifically, defendant admits that on the afternoon of February 15, 2008, she was present on the campus of the University of Illinois-Chicago ("UIC" or "the University"), where she was an undergraduate student. The defendant entered a computer laboratory located in the fourth floor of a campus building located at 710 South Halsted Street in Chicago. The defendant logged onto one of the computers, accessed the Internet through that computer, and visited the website www.yahoo.com, which is maintained by Yahoo!, an internet service provider located in California. The defendant thereafter created a Yahoo! e-mail account and registered the account to the username "uic.students@yahoo.com," a username that she conceived.

Through the use of the "uic.students" e-mail account that she created, the defendant thereafter intentionally composed and intentionally transmitted the following anonymous message to the director of undergraduate admissions at UIC and three other administrators in the UIC admissions department: "I'm writing this to all the UIC faculty that I know. I'm

a student at UIC. I'm warning everyone beforehand. I will be looking forward to doing a mass shooting anywhere on campus. I'm not gonna tell you where of course, this is serious and it's not a joke. You want to stop this from happening? You can't. This is a warning though and I'm aiming to kill as many as I can this is not a joke. Not a joke. This will happen in Spring of 2008. You got it this semester. I have a group of five people. I'm not by myself. Warn your students and faculty. I'm not joking. This is serious and it will happen. You won't stop our group. After NIU, its UIC's turn to face disaster. Sit back and relax now, you'll get what your deserve. Soon Good luck."

The defendant admits that she sent the above referenced e-mail three separate times while she was using the computer located on the UIC campus. The defendant further admits that later in the evening on February 15, 2008, while she was at her home, she attempted to send the same e-mail message to an e-mail address that she believed was assigned to another admissions officer at UIC, but she was unsuccessful because the admissions officer no longer was employed by the University. The defendant further admits that she successfully forwarded the e-mail to a large number of UIC faculty members still later in the evening on February 15, 2008.

The defendant admits that the threatening e-mails described above were received by the faculty members and administrators within the UIC admissions department, after having been transmitted through interstate commerce via Yahoo!'s computer networks, portions of which are located outside Illinois in the states of California, Texas, and Virginia.

The defendant admits that she sent the threatening e-mails one day after a deadly shooting on the campus of Northern Illinois University in DeKalb, Illinois. The defendant sent the threats to a large number of recipients, and it was foreseeable that the threats would be, and in fact were, forwarded from those recipients to still more recipients. The defendant acknowledges that the University spent $21,267.92 in additional labor, fringe benefits, and overhead costs investigating the threats and protecting the UIC community from the conduct threatened by the defendant.

## Maximum Statutory Penalties

7.  Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

   a.  A maximum sentence of five years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

   b.  In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.  Defendant understands that in imposing sentence, the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing

4

Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guideline Manual.

b. **Offense Level Calculations.**

i. The parties agree that the base offense level for the charge is 12, pursuant to Guideline § 2A6.1(a)(1).

ii. The parties agree that, pursuant to Guideline § 2A6.1(b)(2), the offense level is increased by 2 levels because the offense involved more than two threats.

iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the Government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      c.      **Criminal History Category.** Based on information currently available to the Government, the defendant has no criminal history points, and the defendant's criminal history category is I.

      d.      **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 12, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 10-16 months' imprisonment, in addition to any supervised release, fine, and restitution that the Court may impose.

      e.      Defendant and her attorney and the Government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the Government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon concurrence of the probation officer or the Court with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

f.  Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the Government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The Government agrees to recommend whatever sentence it deems appropriate within the applicable guidelines range. The defendant is free to recommend whatever sentence she deems reasonable and appropriate, in accordance with the provisions of 18 U.S.C. § 3553(a).

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

12. Regarding restitution, the defendant understands the offense to which she is pleading guilty is an offense against property, and thus, an order of restitution is required,

pursuant to Title 18, United States Code, Section 3663A. Defendant further agrees that her criminal conduct resulted in a loss of $21,267.92 and agrees to the entry of a restitution order in this amount to the University of Illinois - Chicago. Defendant understands that Title 18, United States Code, Section 3664 and Guideline § 5E1.1 and § 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. Defendant agrees to pay $1,000 in restitution at the time of sentencing through cashier's check or money order payable to the Clerk of the U.S. District Court. Defendant further agrees to provide full and truthful information to the court and the United States Probation Officer regarding all details of her economic circumstances in order to determine the proper restitution schedule according to which defendant may be ordered to repay the remaining amount agreed upon in this document. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall

fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The Government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters. The Government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

16. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in this case.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

18.     Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the Government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the Government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing

all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the Government had established defendant's guilt beyond a reasonable doubt.

    v. At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those Government witnesses and her attorney would be able to cross-examine them.

    vi. At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

  b. **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the legality of the sentence imposed.

Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  c. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

19. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

20. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

21. Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the Government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require

defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the Government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

22. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

23. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

24. Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:     7-1-08

_____     _____
PATRICK J. FITZGERALD            MAHTAB SHIRANI
United States Attorney              Defendant

_____     _____
CHRISTOPHER R. MCFADDEN    GEORGE S. PAPPAS
Assistant U.S. Attorney            Attorney for Defendant