UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 152 |
| v. | ) | |
| | ) | Hon. Ruben Castillo |
| MAHTAB SHIRANI | ) | |

**GOVERNMENT'S MOTION TO ALLOW PRESENTATION
OF VICTIM IMPACT STATEMENT VIA TELEPHONE**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully files this Motion to Allow Presentation of Victim Impact Statement via Telephone. For the following reasons, the Government respectfully submits that its motion should be granted.

**I.   STATEMENT OF FACTS**

Defendant Mahtab Shirani has pled guilty to a one-count information charging her with transmitting an e-mail message threatening to carry out a mass shooting on the campus of the University of Illinois-Chicago ("UIC"), in violation of 18 U.S.C. § 875(c). The threat was received by various individuals, many of whom have never met the defendant and received the threatening message only because their names happened to be among those that the defendant selected in alphabetical order from the directory on the university's website.[1]

Victim A, a staff member at the University, is one of the individuals who received the threatening e-mail. Victim A was interviewed by the Government in April 2008. The Government has turned over an FBI 302 report of the interview to defense counsel and to the U.S. Probation

---

[1] The directory lists the departments within the University in alphabetical order. By clicking on the department, one can then obtain the e-mails of faculty or staff members within the department. *See* www.uic.edu (last visited September 3, 2008). The recipients of the e-mail threats were among the first names to appear in the campus directory.

Office ("Probation"). The gist of Victim A's statements are further reported in the Pre-Sentence Report ("PSR") where he/she is identified as "Victim 2." (PSR at 3:77).

Victim A has advised the Government that he/she would like to deliver an oral Victim Impact Statement at sentencing, rather than submitting a written statement. However, Victim A is reluctant to appear in person at the sentencing hearing because he/she is fearful of meeting the defendant and of having the defendant—who has never met Victim A—see Victim A's face. Receiving the e-mail threat had a definite impact on Victim A, making him/her "very scared" at the time and still leaving him/her uneasy "because of the possibility there might have been other parties involved in the incident." (PSR at 3). As such, Victim A would like to maintain some measure of anonymity.

While Victim A is unwilling to appear before the Court, he/she has advised the Government that he/she is willing to deliver a Victim Impact Statement via telephonic speakerphone. Victim A has been advised of the possibility that he/she may be questioned by defense counsel or the Court after giving his/her presentation. Defense counsel opposes the Government's request to permit Victim A to deliver a presentation over the speakerphone.

## II.    ARGUMENT

The Court should permit Victim A to deliver a Victim Impact Statement via telephonic speakerphone. Indeed, under the circumstances in this case, the Government submits that Victim A has a right to make such a presentation pursuant to the Crime Victims' Rights Act ("the Act"), 18 U.S.C. § 3771 *et seq*.

Victim A is a "crime victim" pursuant to § 3771(b)(D), and thus he/she has "[t]he right to be reasonably heard at any . . . sentencing" hearing. § 3771(a)(4). Although there is little caselaw

addressing the "reasonably heard" provision of the Act, the Ninth Circuit has stated that "[v]ictims now have an indefeasible right to speak" at sentencing hearings and that "[l]imiting victims to written impact statements . . . would treat victims as secondary participants in the sentencing process" when Congress "clearly meant to make victims full participants."[2] *Kenna v. United States District Court*, 435 F.3d 1011, 1016 (9th Cir. 2006) (Kozinski, J.).  By providing victims the right to speak at sentencing, the Act serves three purposes: (1) it ensures that "the district court doesn't discount the impact of the crime on victims"; (2) it forces the defendant "to confront the human cost of [her] crime"; and (3) it allows the victim "'to regain a sense of dignity and respect rather than feeling powerless and ashamed.'" *Id.* (quoting J.W. Barnard, *Allocution for Victims of Economic Crimes*, 77 NOTRE DAME L. REV. 39, 41 (2001)).

According to the Act's sponsors, a victim's right to be heard is "flexible," and is not necessarily limited to the traditional methods of either speaking in person or submitting a written statement.  The pertinent part of the legislative history states as follows:

> Even if not present, the victim is entitled to submit a statement at the specified hearings for the consideration of the Court.  *The Committee does not intend that the right to be heard be limited to "written" statements, because the victim may wish to communicate in other appropriate ways*.  For example, a victim might desire to present an impact statement through a videotape or via an Internet message over a system established by the courts.  The right to be heard is sufficiently flexible to encompass such situations.

S. Rep. No. 191, 108th Congress, 1st Session (Nov. 7, 2003) at 38, *available at* 2003 WL 22680234 (emphasis added).

---

[2] In *United States v. Marcello*, 370 F. Supp.2d 745, 750 (N.D. Ill. 2005), the district court ruled that the Act did not require an oral statement from a victim at a detention hearing.  The court stated that victim participation at detention hearings "rests on the far edge of the territory of victims' rights" but added that a victim statement at sentencing will "almost always be relevant, material, and spoken from personal knowledge." *Id.*

In this case, the Government merely asks the Court to permit Victim A to give an oral statement—and be available to answer questions from defense counsel—via speakerphone. Victim A's request to present an impact statement over speakerphone does not appear to be any more burdensome than the request addressed in the legislative history to present a statement through a videotape. *See id.* The FBI 302 of the prior interview of Victim A has been disclosed to defense counsel, and thus his/her identity and the likely substance of his/her presentation is already known. All that Victim A wishes to preserve is the anonymity of his/her face. Under the circumstances of this case, the Government submits that delivering a victim statement over the telephone is a flexible accommodation of both Victim's A's right to be reasonably heard and the right of the defendant to have a fair sentencing hearing.

### III.    CONCLUSION

For the foregoing reasons, the Government respectfully submits that its Motion to Allow Presentation of Victim Impact Statement via Telephone should be granted.

            Respectfully submitted,

            PATRICK J. FITZGERALD
            United States Attorney

By:    /s/ Christopher R. McFadden
       CHRISTOPHER R. MCFADDEN
       Assistant United States Attorney
       219 South Dearborn Street, 5th Floor
       Chicago, IL 60604
       (312) 353-1931

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF"), the following document:

**Motion to Allow Presentation of Victim Impact Statement via Telephone**

was served, pursuant to the district court's ECF system, to opposing counsel of record.

DATE:   September 2, 2008

/s/ Christopher R. McFadden
Christopher R. McFadden
Assistant United States Attorney